## CIRCUIT COURT OF FAIRFAX COUNTY

In re Estate of
Jose Miguel Llosa

October 31, 1997

Case No. (Fiduciary) 58663

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on Petitioner's motion to admit to probate a document dated July 20, 1977, as decedent Llosa's will and to admit a document dated April 17, 1995, as a codicil to the will. The Court took the matter under advisement to review the documents and the underlying authorities. Upon review of both documents, the Court finds that it cannot admit both documents as a will and codicil into probate because the April 17, 1995, document appears to be the decedent's last will and testament and revokes any former wills.

In Virginia a decedent may revoke a former will in several ways, including destroying the former will or expressly revoking the former will. Va. Code § 64.1-58.1. Additionally, a decedent can revoke a former will simply by executing a subsequent will. Specifically, the Code provides:

> If a testator duly executes a will or codicil which does not expressly revoke a former will or codicil but which expressly revokes a part thereof or *contains provisions inconsistent therewith*, such former will or codicil is revoked and superseded to the extent of such express revocation or inconsistency if the later will or codicil becomes effectual upon the death of the testator.

*Id.* (emphasis added). In this case, the April 17, 1995, will appears to fully dispose of the decedent's property as it states, "I would like my assets divided equally between my three children." Therefore, if the 1995 will is admitted to probate, it would revoke all prior wills because it purports to dispose of the decedent's entire estate. Thus, the Court cannot admit both wills into probate

and treat the 1995 will merely as a codicil to the 1977 will as requested by the Petitioner.

For the above-stated reasons, the Court denies the Petitioner's motion to admit the July 20, 1977, and April 17, 1995, documents as a will and a codicil. Additionally, the Court orders a hearing to determine which of the two documents should be admitted to probate.